# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20013
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2015

Lyle W. Cayce
Clerk

MICHAEL WAYNE COMEAUX,

Plaintiff-Appellant

v.

WILLIAM STEPHENS,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2293

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Wayne Comeaux, Texas prisoner # 1751170, seeks a certificate of appealability (COA) to appeal the district court's dismissal for failure to state a claim of his challenge to the requirement that he register as a sex offender for life as a condition of parole. Comeaux argues only that the retroactive imposition of this requirements violates the Ex Post Facto Clause. Comeaux raised this claim in a 28 U.S.C. § 2254 petition, which was properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20013

construed by the district court as arising under 42 U.S.C. § 1983 because Comeaux's underlying conviction for indecency with a child has been discharged. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989); *Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010). Comeaux does not challenge the district court's characterization of his claims as falling under § 1983, nor does he argue, as he did in the district court, that he was entitled to a state evidentiary hearing on this issue. He has therefore waived these issues. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). Because a COA is not needed to appeal the denial of § 1983 claims, *see* 28 U.S.C. § 2253(c)(1), we deny Comeaux's COA motion as unnecessary.

As to the district court's dismissal of Comeaux's § 1983 claims for failure to state a claim, our review is de novo. *See Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014). To state a claim under § 1983, Comeaux must allege a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). Comeaux has not done so, because the retroactive application of laws requiring sex offender registration does not violate the Ex Post Facto Clause. *Smith v. Doe*, 538 U.S. 84, 103-04 (2003. This appeal is therefore dismissed as frivolous.

Finally, the district court's dismissal of Comeaux's complaint and our dismissal of his appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Comeaux is warned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

No. 15-20013

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.